```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

LORIEN LIFE CENTER BALTIMORE    *
COUNTY, INC., et al.
                                *
          Plaintiffs
                                *
       vs.                          CIVIL ACTION NO. MJG-15-2865
                                *
SAM MALHOTRA, et al.
                                *
          Defendants
*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 12] and the materials submitted relating thereto as well as the document entitled "Plaintiffs' Stipulation Of Dismissal" [ECF No. 19]. The Court has held a hearing and had the benefit of the arguments of counsel.

Plaintiffs, four long-term care facilities, each "as assignee and authorized representative" of a resident or former resident, filed the Complaint and Petition for Declaratory Judgment [ECF No. 1]. Plaintiffs are:

- Lorien Life Center Baltimore County, Inc., d/b/a Lorien Mays Chapel, for Frances Hall ("Resident Hall"),

- Lorien Life Center – Howard, Inc. II d/b/a Lorien Elkridge, for Martha Roach ("Resident Roach"),

- Lorien Harford Inc. II d/b/a Lorien Bel Air for Bette Bauer ("Resident Bauer"), and

- Oakview SNF LLC d/b/a Oakview Rehabilitation and Nursing Center for Cheryl Hart ("Resident Hart").

Plaintiffs have sued, in their official capacities:

- Sam Malhotra, Secretary of the Maryland Department of Human Resources, and

- Van T. Mitchell, Secretary of the Maryland Department of Health and Mental Hygiene.

Plaintiffs state that, as to each Resident, there was an application for Medicaid benefits that the Defendants (through their agencies) did not properly administer. Thus, Plaintiffs claim that the processing of the application was unduly delayed.

Plaintiffs state in the "Claim for Relief Declaratory Judgment":

> Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, the Facilities [Plaintiffs] seek a declaration by this Court as follows:
>
> a. Whether Defendants' failure to timely approve the Residents' Medicaid applications violates the federal Medicaid Act and implementing regulations, 42 U.S.C. § 1396a (a)(8) and 42 C.F.R. §§ 435.911, 435.930;
>
> b. Whether the actions of Defendants, as stated in the foregoing Paragraphs above, violate the Residents' rights under the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130;
>
> c. Whether the actions of Defendants, as stated in the foregoing Paragraphs above, deprived the Residents of rights, privileges and immunities secured by the Constitution and law of the United States, in violation

>    of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.
>
>    d.  Whether Defendants should be compelled to automatically approve the Residents' Medicaid applications, and afford the Residents Medicaid benefits retroactive to their initial dates of application.

Compl. [ECF No. 1] ¶ 55.

Defendants assert that the Complaint must be dismissed by virtue of their Eleventh Amendment immunity and additional grounds. Although it appears that the case can be dismissed on various grounds, it suffices to address herein only Eleventh Amendment immunity.

The Eleventh Amendment prohibits suits against a state filed by its own citizens. See Permhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment is a jurisdictional bar against such suits being brought in federal court. Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 227 (4th Cir. 1997). Plaintiffs, and the residents on whose behalf they are suing, are, or were,[1] Maryland citizens.

As stated in Dennard v. Towson Univ., 62 F. Supp. 3d 446 (D. Md. 2014):

>    An assertion of governmental immunity is properly addressed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which allows defendants to challenge an action for lack of subject matter jurisdiction.

---

[1] Residents Roach and Bauer are deceased.

3

> When a governmental entity challenges jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving that subject matter jurisdiction exists.

Dennard, 62 F. Supp. 3d at 449 (citations omitted).

Immunity under the Eleventh Amendment applies to state officials, such as the Defendants, sued in their official capacities. Ford Motor Co. v. Dep't of Treasury of Ind., 323 U.S. 459, 464 (1945) overruled in part, Lapides v. Bd. of Regents, 535 U.S. 613, 622–23 (2002) (holding that a state might waive its sovereign immunity when it removes a case to federal court and overruling Ford Motor Co. only insofar as it is inconsistent with the waiver rule in Lapides).  In such a situation, the state is the real party in interest in the case.

While state officials may be sued in federal court for injunctive relief, Ex Parte Young, 209 U.S. 123 (1908), such relief may only be prospective, not retroactive. Antrican v. Odom, 290 F.3d 178, 185 (4th Cir. 2002).

As stated in the Prayer for Relief in the Complaint, Plaintiffs seek to have the Court:

> b. Declare that Defendants should be required to issue determinations on the Residents' applications for Medicaid benefits within five (5) days, approving such applications and granting the Residents Medicaid benefits retroactive from the following dates:
>
> Frances Hall: June 27, 2013

>     Martha Roach: September 28, 2012
>     Bette Bauer: August 18, 2013
>     Cheryl Hart: June 13, 2012

Compl. [ECF No. 1] at 12.

As clarified by Plaintiffs' counsel at the hearing, there is no prospective relief available to any of the Residents. Resident Hart's and Resident Hall's benefits were approved, and they are continuing to receive their benefits.  Resident Roach's benefits were approved, and she received benefits until she died.  Resident Bauer's administrative process is still ongoing but, since she is now deceased,[2] she cannot receive prospective benefits.

Moreover, of course, a request for payment of retroactive benefits is a request for retroactive relief.  Accordingly, the Defendants are entitled to dismissal by virtue of their Eleventh Amendment immunity.

The document entitled "Plaintiffs' Stipulation of Dismissal" is not joined by Defendants and is thus not a valid stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. However, the document states therein that "Plaintiffs move for a dismissal without prejudice" presumably pursuant to Rule 41(a)(2).  Hence, it can be deemed to be a Motion for Leave to Dismiss Without Prejudice.

---

[2] Stated by Plaintiffs' counsel at the argument.

Plaintiffs present, as their reasons for dismissal without prejudice, an intention to "refile a civil class action, to add additional parties who have standing to bring the claims sought by Plaintiffs in their Complaint."  ECF No. 19 at 1.  However, none of Plaintiffs have asserted a claim for prospective relief that would be within the subject matter jurisdiction of the Court.  The Court, therefore, finds the motion to require no response and shall deny it.

The Court hereby grants Defendants' motion pursuant to Rule 12(b)(1) and shall dismiss the case for lack of subject matter jurisdiction.

For the foregoing reasons:

1.  Defendants' Motion to Dismiss [ECF No. 12] is GRANTED.

2.  Defendants' Alternative Motion for Summary Judgment [ECF No. 12] is DENIED AS MOOT.

3.  Plaintiffs' Stipulation of Dismissal [ECF No. 19] is deemed to constitute a Motion to Dismiss Without Prejudice and is DENIED.

4.  Judgment shall be entered by separate Order dismissing the case for lack of subject matter jurisdiction.

SO ORDERED, this Thursday, April 28, 2016.

_____/s/_____
Marvin J. Garbis
United States District Judge